# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GENESIS NETWORKS TELECOM | § | Case No. 24-50224 (MMP) |
| SERVICES LLC | § | |
| Debtor. | § | |
| | § | |

## RESPONSE TO MOTION FOR CONTINUANCE

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") files this response to the Motion of Austin Tele-Services, LP ("ATS") for a continuance of the hearing on the Joint Motion to Transfer Venue (the "Joint Motion") and ATS's objection thereto (the "ATS Objection").

The Court has a hearing set on November 5, 2024, at 9:30 am on the Joint Motion and the ATS Objection (the "Hearing"). Convenience of the parties is a basis for the Joint Motion.

At 9:32 am, this morning, November 4, 2024, Mr. Randy Pulman, counsel for ATS, James Goodman, and Symbiont Ventures, LLC (f.k.a. Goodman Investment Holdings, LLC) sent interested counsel an email requesting a continuance of the Hearing because James Goodman "has a pretty bad cough."

FSCLE, through its counsel, Mr. Adam Langley, promptly responded at 9:45 am, this morning, that Mr. Cam Hillyer was already in route to San Antonio and could not avoid the costs of travel and questioning whether Mr. Goodman was a material witness. Mr. Langley proposed to confer with Mr. Pulman and counsel for the other interest parties upon Mr. Hillyer's arrival to San Antonio so that the parties could determine whether accommodations could be made to Mr. Goodman (i.e., stipulations in lieu of testifying or appearing remotely).

Mr. Pulman responded "Understood. I will mark you as opposed." There was no meaningful attempt to confer.

Mr. Langley then immediately phoned Mr. Pulman and attempted to confer. Mr. Pulman insisted on having Mr. Goodman's live testimony and advancing a motion to continue despite admitting that Mr. Goodman's testimony would be limited to testifying about the convenience of the parties. Mr. Goodman resides in the San Antonio area, which no one disputes. Despite this lack of a dispute, Mr. Pulman would only agree to stipulate that the location of San Antonio is "more convenient for *all* parties" – not just Mr. Goodman. This response indicated Mr. Pulman's lack of good faith to meaningfully confer. Mr. Langley then proposed that interested counsel all get on the phone and bring a joint request to the Court to determine how the Court wanted to proceed with the Hearing, given Mr. Pulman's insistence of a continuance instead of practical solutions. Mr. Pulman refused and instead lectured Mr. Langley on how San Antonio courts do not accommodate such relief.

Mr. Pulman then filed ATS's motion for a continuance. ECF No. 102, and simultaneously sought to confer at 2pm today.

Mr. Hillyer by the time the Court reads this response will likely be in San Antonio for the sole purpose of attending the Hearing. He will have spent two days travelling back and forth. In addition, the parties have spent consider time and efforts to prepare for and attend the Hearing. The Court should balance the materiality of Mr. Goodman's testimony with the costs of the moving parties, including Mr. Hillyer's presence in San Antonio. Here, Mr. Goodman's testimony is immaterial because no one disputes his residency. And, the costs are substantial and the delays are material and prejudicial to the administration of this bankruptcy case and the interested parties, including FSCLE.

Mr. Pulman already obtained a continuance of the Hearing because he represented to the Court in a status conference that James Goodman and Symbiont would be objecting to the Joint Motion. However, FSCLE gave notice to Mr. Pulman that James Goodman and Symbiont were not parties in interest with standing under Fifth Circuit law because they were neither creditors nor equity holders with a reasonable expectation of receiving a surplus distribution in this chapter 7 case. Likely recognizing this deficiency, Mr. Pulman then filed the ATS Objection asserting a $3 million claim for ATS, despite no such claim having been scheduled by the Debtor, who is also controlled by James Goodman. Counsel for the Trustee and FedEx then pressed Mr. Pulman for support for the $3 million claim. None was provided, but it was admitted that ATS is not operational. Instead, James Goodman caused a midnight filing of a proof of claim for ATS asserting approximately a $1.4 million claim but not providing any meaningful supporting documentation. The Trustee and FSCLE did not take the bait to turn the Joint Motion into a contested hearing on ATS's standing. Instead, counsel for the Trustee and FedEx indicated that they believed ATS's insider interests, whether legitimate or illegitimate, are immaterial to the overwhelming need to transfer this case for convenience of the parties and in the interests of justice.

Having failed to delay the Hearing by presenting numerous immaterial witnesses, Mr. Goodman obtained his pretty bad cough and requested a continuance through ATS.

Enough is enough. Further delay should not be accommodated on Mr. Goodman's request, whether brought directly or indirectly for another shell company. The Court should deny the continuance or, alternatively, accommodate the Trustee's requests to allow parties appear telephonically or by ZOOM or award FSCLE the costs for its inconvenience. Mr. Hillyer intends to be present at the Hearing for FSCLE.

Respectfully submitted,

BUTLER SNOW LLP

*/s/ Adam M. Langley*
Adam M. Langley (Admitted Pro Hac Vice)
R. Campbell Hillyer (Admitted Pro Hac Vice)
6075 Poplar Ave., Suite 500
Memphis, TN 38119
Telephone: (901) 680-7200
Facsimile: (901) 680-7201
alangley@butlersnow.com
chillyer@butlersnow.com

COUNSEL FOR FSCLE

## CERTIFICATE OF SERVICE

I certify that, on the 4th day of November, 2024, the foregoing has been filed via the Court's CM/ECF System which has caused it to be served on the parties in this case registered for CM/ECF, as indicated below:

*Via CM/ECF: marty@seidlerlaw.com*
Martin Seidler
Law Offices of Martin Seidler
11107 Wurzbach, Suite 504
San Antonio, TX 78230

*Via CM/ECF trusteelaurierea@gmail.com*
Laurie Dahl Rea
Rochelle McCullough LLP
300 Throckmorton St #520
Fort Worth, TX 76102

*Via CM/ECF sthomas@romclaw.com*
Shannon S. Thomas
Rochelle McCullough, LLP
901 Main St Suite 3200
Dallas, TX 75202

*Via CM/ECF*
*USTPRegion07.SN.ECF@usdoj.gov*
United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205

*Via CM/ECF aubrey.thomas@usdoj.gov*
Aubrey L. Thomas
Office of the UST, Region 7
615 E. Houston St. Suite 533
San Antonio, TX 78205

*Via CM/ECF don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et all.
112 E Pecan St, Suite 2200
San Antonio, TX 78205

*Via CM/ECF dwilliamson@dykema.com*
Deborah D. Williamson
Dykema Gossett PLLC
112 E Pecan St, Suite 1800
San Antonio, TX 78205

*Via CM/ECF: mcolvard@mdtlaw.com*
Michael G. Colvard
Martin & Drought, PC
112 East Pecan St, Suite 1616
San Antonio, TX 78205

*Via CM/ECF cam.hillyer@butlersnow.com*
*adam.langley@butlersnow.com*
*danny.vanhorn@butlersnow.com*
Robert Campbell Hillyer
Adam Michael Langley
Daniel W. Van Horn
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

*Via CM/ECF drukavina@munsch.com*
*tberghman@munsch.com*
*cwhite@munsch.com*
Davor Rukavina
Thomas D. Berghman
Conor White
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St. Ste. 3800
Dallas, TX 75201

*Via CM/ECF jenglander@lpgmlaw.com*
Jacob Englander
Lazare Potter et al.
747 Third Avenue, 16th Floor
New York, NY 10017

Via CM/ECF rpulman@pulmanlaw.com, amacfarlane@pulmanlaw.com
Randall A. Pulman
Anna K. MacFarlane
Pulman, Cappuccio & Pullen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

*/s/ Adam M. Langley*

90786280.v1