**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **GENESIS NETWORKS TELECOM** | § | **Case No. 24-33835-MVL** |
| **SERVICES LLC** | § | |
| Debtor. | § | |
| ................................................................. | § | |

---

**ENDEAVOR'S RESPONSE TO THE TRUSTEE'S**
**MOTION TO COMPEL TURNOVER OF DEBTOR'S BOOKS AND RECORDS**

---

Endeavor Managed Services, Inc. ("Endeavor") files this Response to the Trustee's *Motion to Compel Turnover of the Debtor's Books and Records[1]* (the "Motion") filed by Laurie Dahl Rea, Chapter 7 Trustee (the "Trustee") in the above-captioned chapter 7 case (the "Debtor"), for the entry of an order granting the motion to compel turnover of Debtor's books and records. Subject to the clarifications below, Endeavor does not object to the Motion.

## I.    OVERVIEW

1.     On February 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under title 11 of the United States Bankruptcy Code.

2.     On October 2, 2024, FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") filed a *Motion for Order Directing the Rule 2004 Examination of (i) the Debtor, (ii) Endeavor Managed Services, Inc., (iii) Symbiont Ventures LLC fka Goodman Investments Holdings, LLC*

---

[1] ECF No. 127.
125608.000001  4914-4253-7745.5

*["Symbiont"]* (the "2004 Motion").[2] Joinders were individually filed by the Trustee and Scott M.

Seidel as Trustee of Goodman Networks, Inc. ("Seidel").[3]

3.        On  September 5, 2024, the *Agreed Order Granting Rule 2004 Examination and*

*Requests for Production of Documents from Endeavor Managed Services, inc. as Modified Herein*[4]

("2004 Order") was entered by the Honorable Michael M. Parker of the United States Bankruptcy

Court, Western District of Texas.

4.        Endeavor has produced documents, as required by the 2004 Order, to Counsel for

FSCLE, the Trustee, Seidel, and Symbiont.

5.        On January 17, 2025, the Trustee filed the *Motion to Compel Turnover of Debtor's*

*Books and Records*.[5]

6.        As outlined in the Trustee's Motion, Endeavor has been assisting the Trustee in

obtaining access to the Debtor's financial and other information. In addition to producing

Endeavor's own documents, Endeavor has attempted to locate and provide access to documents

and data which may belong or otherwise should be accessible to the Debtor and thus the Trustee.

During that process, Endeavor has identified certain databases and created a "workaround" to

provide the Trustee with access to those databases. Endeavor has not and will not review the actual

data. It is possible that information and documents in those data bases may contain information

proprietary to entities other than the Debtor, including potentially privileged communications.

---

[2] ECF No. 63.
[3] *See* ECF No. 66 and 65, respectively.
[4] ECF No. 77.
[5] ECF No. 127.

7.      As a result, Endeavor has consistently encouraged the parties seeking and/or opposing such discovery (the "Contested Discovery Parties") to reach an agreement. As of the filing of the Motion, no such agreement has been reached.

8.      If the Trustee or any other entity obtains access to documents which are not the Debtor's (privileged or not) Endeavor is unwilling to be potentially subject to claims by one or more of the Contested Discovery Parties. As a result, Endeavor consents to the Motion to the extent that this Court's order requires Endeavor to provide or otherwise turnover access of the following to the Trustee:

- **Sites and files located on Microsoft SharePoint.** SharePoint is hosted by Microsoft. A username and password will be provided to the Trustee to access the sites and files.

- **Severs located on Great Plains.** Great Plains is on a secure network and apparently cannot be accessed outside of the Endeavor's network. Endeavor will provide access to a secure portal (Ninja One) set up by Endeavor's IT Department, the Trustee will be able to access the network and related files, documents, and/or servers via a Team Viewer session.

9.      The lack of an objection by Endeavor to the Motion is not a waiver and shall not be construed as a waiver of rights available to it pursuant to Section 1412 of Title 28, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or any other applicable statute, rule, or code.

10.      Endeavor reserves its right to supplement this Response.

125608.000001 4914-4253-7745.5

Dated:  January 17, 2025.                   Respectfully submitted,

                                              **DYKEMA GOSSETT PLLC**

                                    By: */s/  Dominique A. Douglas*
                                         Deborah D. Williamson
                                         State Bar No. 21617500
       Dwilliamson@dykema.com
       Dominique A. Douglas
       State Bar No. 24134409
       Ddouglas@dykema.com
       112 E. Pecan Street, Suite 1800
       San Antonio, Texas 78205
       (210) 554-5500 (Telephone)
       (210) 226-8395 (Facsimile)

       **ATTORNEYS FOR ENDEAVOR
MANAGED SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 17, 2025, a true and correct copy of the foregoing was served by electronic means as listed on the Court's ECF noticing system on all parties registered to receive ECF service.

                                          */s/ Dominique A. Douglas*
                                          Dominique A. Douglas

125608.000001 4914-4253-7745.5