| | |
|---|---|
| **From**: | Zachary Wiebe [zachary.wiebe@genesisnet.com] |
| **Sent**: | 7/26/2022 7:54:46 PM |
| **To**: | Jay Bock [jay.bock@genesisnet.com] |
| **Subject**: | RE: Promissory Note - Endeavor |

I don't think you should tie anything on Endeavor to the LOC.

I'd say that you owe James/GIH $3M for the APA of Telecom assets. With a monthly interest payment equivalent to the LOC interest payment. Then Telecom/GIH can just pay the interest from that interest payment.

The more specific you get to tying this LOC directly to Endeavor the more exposure you have.

These are my thoughts.

-       Zach

---

**From:** Jay Bock <jay.bock@genesisnet.com>
**Sent:** Tuesday, July 26, 2022 2:46 PM
**To:** Zachary Wiebe <zachary.wiebe@genesisnet.com>
**Subject:** Re: Promissory Note - Endeavor

Zach, please confirm I have this right. This is specific to the note I am putting in place between Endeavor and GIH for the $3M Prosperity LOC.

Here's my understanding:

Prosperity would not agree to move the debt to Endeavor so it's falling back to James personal guaranty.

Endeavor owes James/GIH the debt as the personal guarantor and sole member of GNTS.

Endeavor will continue to make the interest payments on the note to GNTS which will be paid to Prosperity.

Thank you
Jay

---

**From:** Rohrlich, Billy <wrohrlich@winstead.com>
**Date:** Tuesday, July 26, 2022 at 2:35 PM
**To:** Jay Bock <jay.bock@genesisnet.com>
**Cc:** james.goodman <james.goodman@genesisnet.com>, Tony Rao <anthony.rao@getunified.com>
**Subject:** RE: Promissory Note - Endeavor


Jay,

Thank you for providing the attached documents relating to the asset purchase and sale transaction between GNTS and Endeavor. We have a couple follow up questions after reviewing these documents, which are set forth below. Would you mind reviewing those questions and providing a bit more explanation regarding the transaction terms and purpose of the draft promissory note that you provided?

We understand that the attached APA was entered into by and between GNTS and Endeavor as of May 31, 2022. The APA provides for Endeavor's purchase of certain assets from, and assumption of certain liabilities of, GNTS. We noticed that Section 1.3(a) of the APA defines the Purchase Price as the assumption by Endeavor of the Assumed Indebtedness at the Closing. As you mentioned below, Exhibit A to the APA defines "Assumed Indebtedness" as Indebtedness of GNTS as of the Closing Date expressly assumed by Endeavor on and subject to the terms and conditions of the APA, but not to exceed $3,000,000 (and any amount in excess of $3,000,000 shall be an Excluded Liability). Exhibit A also defines "Indebtedness" as all indebtedness for borrowed money under the Loan Agreement and all Security Instruments as defined in the Loan Agreement between Prosperity Bank and GNTS effective July 3, 2020.

Per the above, our understanding is that Endeavor would assume GNTS's $3,000,000 liability to Prosperity Bank under the Loan Agreement (i.e., GNTS's obligations under the Loan Agreement would be transferred to Endeavor) in exchange for certain assets of GNTS. However, you mentioned in your email below that the draft promissory note is intended to offset the Prosperity Bank loan of $3,000,000 that *will stay with GNTS*. <u>Can you please provide some clarity as to why the debt owed to Prosperity Bank will remain with GNTS?</u> The APA seems to indicate that such debt would be assumed by Endeavor, and no longer remain with GNTS.

<u>Can you please also provide some clarity as to why the draft promissory note will be issued by Endeavor *in favor of GIH*, rather than GNTS?</u> It seems that as GNTS is the entity selling certain assets to Endeavor, the consideration for such assets should be provided to GNTS. If GNTS is the party to the Loan Agreement with Prosperity Bank that that owes the $3,000,000 debt, and Endeavor was meant to assume such debt, we could see Endeavor issuing a promissory note to GNTS in the amount of $3,000,000. That arrangement might not strictly align with our understanding of the terms of the APA, but the economics would generally work out – rather than assume GNTS's liability under the Loan Agreement, Endeavor would issue a promissory note to GNTS in the same amount. However, we do not understand why Endeavor would issue the note to formalize an obligation to pay $3,000,000 to GIH, which was not a party to the APA. <u>Does this perhaps have something to do with the fact that GIH is the sole member of GNTS and/or that James, who is the sole member of GIH, is personally guaranteeing the $3,000,000 debt to Prosperity?</u>

Thanks,
Billy

**William R. Rohrlich, II,** Shareholder
Winstead PC  |  600 Travis Street  |  Suite 5200  |  Houston, Texas 77002
713.650.2634 *direct*  |  713.650.2400 *fax*  |  wrohrlich@winstead.com  |  www.winstead.com

---

**From:** Jay Bock <jay.bock@genesisnet.com>
**Sent:** Monday, July 25, 2022 2:29 PM
**To:** Rohrlich, Billy <wrohrlich@winstead.com>
**Cc:** Tony Rao <anthony.rao@getunified.com>; james.goodman <james.goodman@genesisnet.com>
**Subject:** Re: Promissory Note - Endeavor

Billy,

Please see Exhibit A (page 12 of 18) of the attached APA (Assumed indebtedness). The intent of the note is to formalize the $3m of indebtedness. This $3m is owed to Prosperity bank with James as personal guarantor.

Thank you

---

**From:** Rohrlich, Billy <wrohrlich@winstead.com>
**Date:** Monday, July 25, 2022 at 1:26 PM

**To:** Jay Bock <jay.bock@genesisnet.com>
**Cc:** Tony Rao <anthony.rao@getunified.com>, james.goodman <james.goodman@genesisnet.com>
**Subject:** RE: Promissory Note - Endeavor

Jay,

Please find attached an updated draft of the Promissory Note that includes our comments and suggested revisions in tracked changes. Given that the Note was prepared based on the same template as the similar promissory note issued by Endeavor in favor of GIH earlier this year, we are generally comfortable with its terms. As such, we provided only the two following comments:

1.      *Date*. We included a comment regarding confirmation of the appropriate date of issuance of the Note. As currently drafted, the Note refers to "May __, 2022". Should this be revised to July 2022, or is the Note intended to be backdated? We are not concerned with the particular date of the Note from a legal perspective but just wanted to highlight the issue to make sure the parties are on the same page. The Maturity Date is defined as the ten (10) year anniversary of the date of issuance of the Note.

2.      *WSJ Prime Rate*. We also included a comment regarding confirmation of the interest rate under the Note. As currently drafted, the Note provides that the unpaid principal amount of the Note (i.e., $3,000,000) will bear simple interest at a rate per annum equal to the WSJ Prime Rate *plus* 0.25% calculated on the basis of a 365-day year and the actual number of days elapsed. We added language clarifying that that for purposes of the Note, "WSJ Prime Rate" means the rate of interest per annum last quoted by The Wall Street Journal as the "Prime Rate" in the United States. We also added language providing that any change in the WSJ Prime Rate will take effect at the opening of business on the day such change is publicly announced or quoted as being effective. Similar to the above, this is primarily a business term, but we want to ensure that the parties are on the same pages with respect to changes in the interest rate under the Note as the prime rate changes from time to time.

The business arrangement here appears fairly straightforward – GIH will loan $3,000,000 to Endeavor, which will accrue interest as the WSJ Prime Rate *plus* 0.25% and be repaid after ten years. With that, we are a bit uncertain as to the background in which this transaction is occurring. Can you please provide some additional detail as your statement below that the Note is "specific to the Genesis APA to offset a Prosperity bank line of credit for $3m staying with Genesis"? We recall that the prior note was issued by Endeavor in favor of GIH earlier this year in connection with the provision of financing to consummate the SOVA acquisition. However, we are not aware of Genesis Networks entering into an asset purchase agreement, etc. We just want to ensure that we are up to date in terms of the actions taken by all of these companies.

Please let us know if you have any questions or would like to discuss.

Thanks,
Billy

**William R. Rohrlich, II,** Shareholder
Winstead PC  |  600 Travis Street  |  Suite 5200  |  Houston, Texas 77002
713.650.2634 *direct*  |  713.650.2400 *fax*  |  wrohrlich@winstead.com  |  www.winstead.com

---

**From:** Jay Bock <jay.bock@genesisnet.com>
**Sent:** Friday, July 22, 2022 10:56 AM
**To:** Rohrlich, Billy <wrohrlich@winstead.com>
**Cc:** Tony Rao <anthony.rao@getunified.com>; james.goodman <james.goodman@genesisnet.com>
**Subject:** Promissory Note - Endeavor

Billy

Hope all is well.  Attached is a promissory note specific to the Genesis APA to offset a Prosperity bank line of credit for $3m staying with Genesis.  The interest rate matches the terms of the LOC.

I used the same template as was used for the SOVA transaction.

Please let me know with any questions so we can execute.  Endeavor will need to hold a board meeting/resolution as well.

Thank you

Jay

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

Information contained in this transmission is attorney privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.