Randall A. Pulman
State Bar No. 16393250
Kerry S. Alleyne
State Bar No. 24066090
**PULMAN LEFLORE, PULLEN & REED LLP**
2161 NW Military Hwy., Suite 400
San Antonio, Texas  78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com
kalleyne@pulmanlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-33835-MVL |
| | § | |
| GENESIS NETWORKS TELECOM SERVICES, LLC, | § | |
| | § | |
| *DEBTOR*. | § | CHAPTER 7 |

**RESPONSE OF JAMES GOODMAN AND SYMBIONT VENTURES, LLC F/K/A/ GOODMAN INVESTMENT HOLDINGS, LLC TO THE TRUSTEE'S MOTION TO COMPEL TURNOVER OF DEBTOR'S BOOKS AND RECORDS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE MICHELLE V. LARSON:**

COME NOW James Goodman ("**Mr. Goodman**" or "**Mr. James Goodman**") and Symbiont Ventures LLC f/k/a Goodman Investment Holdings, LLC ("**Symbiont/GIH**") and file this *Response to the Trustee's Motion to Compel Turnover of Debtor's Books and Records* ("**Response**") and respectfully show the Court as follows:

### SUMMARY

1. There is no dispute that the Trustee is entitled to the books and records of the Debtor under 11 U.S.C. § 542(e). However, the Trustee is not entitled to books and records pertaining to Mr. Goodman, Symbiont/GIH, and other non-debtor entities that are housed on the same server as the books and records of the Debtor.

1

2. 11 U.S.C. § 542(e) only requires the turnover of books and records relating to the debtor's property or financial affairs. Because the Trustee's Motion does not provide adequate safeguards to ensure that only books and records relating to the debtor's property or financial affairs are turned over, the Motion must be denied unless Mr. Goodman is given an opportunity to review the documents housed on the server of Endeavor Managed Services, Inc., and withhold non-debtor documents. Mr. Goodman and Symbiont/GIH have only had a few days' notice of the Trustee's Motion to Compel and requests until March 15, 2025, to complete the task at hand.

## FACTUAL BACKGROUND

3. On February 19, 2024, Genesis Networks Telecom Services, LLC ("**Debtor**") filed its bankruptcy petition. *ECF No. 1*.

4. On January 17, 2025, the Trustee filed its Motion to Compel Turnover of Debtor's Books and Records. *ECF No. 127*.

5. Mr. James Goodman owns or controls several entities—many of which are not related to the Debtor.  Endeavor Managed Services, Inc. ("**Endeavor**") an entity in which Symbiont/GIH has an approximate 75% majority ownership interest, houses the books and records of the Debtor and other non-debtor entities owned by Mr. Goodman.

6. By way of example, Endeavor houses the books and records of Goodman Networks Enterprises and its subsidiaries which have been doing business unrelated to the Debtor for ten plus years.  The sheer volume of records also necessitates a limitation on the time period for which the documents should be reviewed. Symbiont/GIH suggests five years back to January 1, 2020 is more than sufficient.

7. Mr. Scott Seidel, Trustee ("**Trustee Seidel**") in the Goodman Networks Inc., ("**GNI**") bankruptcy case has filed at least five (5) adversary proceedings against Mr. Goodman

and two (2) adversary proceedings against Symbiont/GIH. Adv. No. 24-0309-mvl, (*Seidel v. Frinzi, et al*); Adv. Nos. 23-03072 (*Seidel v. 18920 NW 11th, LLC, et al.*), 23-03090 (*Seidel v. Hudson Clean Energy Enterprises, LLC et al.*), 24-03054 (*Seidel v. Symbiont Ventures, LLC*), and 24-03022 (*Seidel v. Genesis Networks Global Services, LLC et al.*). FedEx has also filed a complaint against Mr. James Goodman, Symbiont/GIH and other entities alleging R.I.C.O. violations. *See Civil Action No. 3:23-cv-02397 (FedEx Supply Chain Logistics & Electronics, Inc. vs. James E. Goodman, Jr. et al.*, pending in the United States District Court for the Northern District of Texas.

8. Trustee Seidel has propounded extensive discovery requests to multiple parties, including Mr. Goodman and Symbiont/GIH in the adversary proceedings he filed in the GNI bankruptcy case.

9. Counsel has spent hundreds of hours over the past six (6) months reviewing, conferring with and ultimately producing thousands of pages of documents to the Trustee in related adversary proceedings.

**ARGUMENT AND AUTHORITIES**

10. 11 U.S.C. § 542(e) provides for the turnover of books and records relating to the ***debtor's*** property or financial affairs.

11. Because the Trustee's Motion does not provide adequate safeguards to ensure that only books and records relating to the debtor's property or financial affairs are turned over to the Trustee, and *only* the Trustee (not FedEX or Trustee Seidel), the Motion must be denied unless Mr. Goodman is given an opportunity to review the file and withhold non-debtor books and records.

WHEREFORE, James Goodman and Symbiont Ventures LLC f/k/a Goodman Investment Holdings, LLC request that this Court deny the Motion unless and until the Trustee agrees to allow Mr. Goodman to review the documents and withhold from production, all information proprietary to entities other than the Debtor, including potentially privileged information. Mr. Goodman believes such review can be completed on or before March 15, 2025. Mr. Goodman prays the Court grant him such other and further relief to which he may show himself to be justly entitled.

Dated: January 22, 2025

Respectfully submitted,
**PULMAN LEFLORE PULLEN & REED, LLP**
*/s/ Randall A. Pulman*
Randall A. Pulman
State Bar No. 16393250
rpulman@pulmanlaw.com
Kerry S. Alleyne-Simmons
State Bar No. 24066090
kalleyne@pulmanlaw.com
2161 NW Military Hwy., Suite 400
San Antonio, Texas 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
rpulman@pulmanlaw.com

***ATTORNEYS FOR JAMES GOODMAN AND SYMBIONT VENTURES LLC F/K/A GOODMAN INVESTMENT HOLDINGS, LLC***

4

4867-2209-7880, v. 2

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 22, 2025, a true and correct copy of the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case as listed below:

*Via CM/ECF: marty@seidlerlaw.com*
Martin Seidler
Law Offices of Martin Seidler
11107 Wurzbach, Suite 504
San Antonio, TX 78230

*Via CM/ECF trusteelaurierea@gmail.com*
Laurie Dahl Rea
Rochelle McCullough LLP
300 Throckmorton St #520
Fort Worth, TX 76102

*Via CM/ECF sthomas@romclaw.com*
Shannon S. Thomas
Rochelle McCullough, LLP
901 Main St Suite 3200
Dallas, TX 75202

*Via CM/ECF*
*USTPRegion07.SN.ECF@usdoj.gov*
United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205

*Via CM/ECF aubrey.thomas@usdoj.gov*
Aubrey L. Thomas
Office of the UST, Region 7
615 E. Houston St. Suite 533
San Antonio, TX 78205

*Via CM/ECF don.stecker@lgbs.com*
Don Stecker
Linebarger Goggan et all.
112 E Pecan St, Suite 2200
San Antonio, TX 78205

*Via CM/ECF dwilliamson@dykema.com*
Deborah D. Williamson
Dykema Gossett PLLC
112 E Pecan St, Suite 1800
San Antonio, TX 78205

*Via CM/ECF: mcolvard@mdtlaw.com*
Michael G. Colvard
Martin & Drought, PC
112 East Pecan St, Suite 1616
San Antonio, TX 78205

*Via CM/ECF cam.hillyer@butlersnow.com*
*adam.langley@butlersnow.com*
*danny.vanhorn@butlersnow.com*
Robert Campbell Hillyer
Adam Michael Langley
Daniel W. Van Horn
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

*Via CM/ECF drukavina@munsch.com*
*tberghman@munsch.com*
*cwhite@munsch.com*
Davor Rukavina
Thomas D. Berghman
Conor White
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St. Ste. 3800
Dallas, TX 75201

*Via CM/ECF jenglander@lpgmlaw.com*
Jacob Englander
Lazare Potter et al.
747 Third Avenue, 16th Floor
New York, NY 10017


*/s/   Randall A. Pulman*
Randall A. Pulman

5

4867-2209-7880, v. 2