IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| § | Chapter 7 |
| GENESIS NETWORKS TELECOM § | |
| SERVICES, LLC, § | |
| § | Case No. 24-33835-MVL |
| § | |
| Debtor. § | |

## MOTION TO ENTER PROTECTIVE ORDER

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON JUNE 23, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

NOW COME Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC ("**Symbiont/GIH**") and J.E. Goodman (collectively the "**Movants**"), and file this Motion to Enter Protective Order pursuant to Federal Rule of Civil Procedure 26 as made applicable to this proceeding by Fed. R. Bankr. P. 9014 and 7026 and respectfully show unto the Court the following:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Debtor's bankruptcy proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding as it relates to the Debtor's bankruptcy estate pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PROCEDURAL AND FACTUAL HISTORY

2. On February 20, 2025, the Court entered its *Order Granting Chapter 7 Trustee's Motion to Compel Turnover of Debtor's Books and Records* (ECF No. 148), the ("**Turnover Order**"). Pursuant to the Turnover Order, the Chapter 7 Trustee will obtain access to Debtor's documents that are on the sites or databases of Endeavor Managed Services, Inc. It is undisputed that the Endeavor sites or databases contain non-debtor information as well.

3. The Turnover Order provides that the Trustee and the Movants "are permitted to negotiate the terms of a protective order and submit it to the Court … to facilitate resolution of future disputes." *See* Turnover Order at page 5 of 5.

4. The Trustee and Movants have agreed on most of the provisions of a protective order that would limit the Trustee's access to and ability to disseminate non-debtor books and records.

5. The parties have uploaded competing protective orders for entry by the Court. FedEx has indicated that it intends to object to both. The Court has directed the parties' seeking entry of a protective order to file a motion. This Motion is filed pursuant to such directive.

## III. SUMMARY OF RELIEF REQUESTED

6. Movants request the Court enter their proposed protective order because the five-day period proposed by the Trustee to allow the Movants to review and object to the dissemination of documents which may contain privileged and confidential non-debtor information is insufficient due to the large volume of documents at issue. Movants' proposed twenty-one day timeframe is more appropriate. Further, the Trustee's proposed protective order which provides for a seven-day period to file objections or to quash a request for the disclosure of Confidential Information is also

an insufficient timeframe for Movants to review and object to any such request. Therefore, Movants ask the Court to enter their version of the protective order a copy of which is attached hereto as <u>Exhibit A</u>. A redline of the Trustee's proposed protective order showing Movant's proposed changes is attached hereto as <u>Exhibit B</u>.

### IV. ARGUMENT AND AUTHORITY

7. Pursuant to Fed. R. Civ. P. 26(c)(1) the Court may enter a protective order to protect a party or a person from annoyance, embarrassment, oppression, undue burden or expense.

8. To sustain a protective order under Rule 26(c), the moving party must show "good cause" for protection from one (or more) harms identified in Rule 26(c)(1)(A) "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231 (6th Cir. 2016). Good cause exists if "specific prejudice or harm will result" from the absence of a protective order. *Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016); *Alanis Logistics, Inc. v. Jpmorgan Chase Bank, N.A.,* No. 7:21-CV-00235, 2022 WL 304994 at *1 (S.D. Tex. Feb. 2, 2022). The movant has the burden of establishing good cause and a specific need for protection. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).

9. To successfully oppose a motion for protective order, however, the party seeking discovery may "need to make its own showing of ... the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017).

4938-7563-5016, v. 2

10. In this instance, the Turnover Order provides that the parties may seek a protective order. Further, such an order is necessary to limit the dissemination of confidential, nonrelevant non-debtor information that may also be privileged. Movants request that, to protect themselves from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the Court enter the Protective Order attached hereto as **Exhibit A**. The Trustee's proposed five-day and seven-day timeframe to object to the dissemination of confidential information to third parties is insufficient to protect the Movants from the unwarranted release of their potentially private, confidential, privileged and nonrelevant information to third parties. The Movants' proposed protective order provides a sufficient time period for the Movants to review and file objections if necessary to the Trustee's proposed disclosure of information.

## V. PRAYER AND CONCLUSION

Wherefore, premises considered, Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC ("**Symbiont/GIH**") and J.E. Goodman pray that the Court grant this Motion, enter the Protective Order attached hereto as Exhibit A, and grant them such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

**[Remainder of Page Intentionally Left Blank]**

Dated: June 2, 2025        Respectfully submitted,

**PULMAN, LEFLORE, PULLEN REED, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By:    */s/ Randall A. Pulman*
      Randall A. Pulman
      Texas State Bar No. 24007881
      rpulman@pulmanlaw.com
      Kerry S. Alleyne-Simmons
      Texas State Bar No. 24066090
      kalleyne@pulmanlaw.com
      Matthieu Belanger-Coast
      Texas State Bar No. 24128756
      mbelanger@pulmanlaw.com

**ATTORNEYS FOR DEFENDANTS, SYMBIONT VENTURES, LLC F/K/A GOODMAN INVESTMENT HOLDINGS, LLC ("SYMBIONT/GIH") AND J.E. GOODMAN**

## CERTIFICATE OF CONFERENCE

On May 28, 2025, given the breakdown of the typical competing order process, the Court directed the party seeking a protective order to file a motion requesting same. FedEx and the Trustee oppose the Movants' proposed Protective Order.

*/s/ Kerry S. Alleyne-Simmons*
Kerry S. Alleyne-Simmons

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Randall A. Pulman*
Randall A. Pulman