IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **GENESIS NETWORKS TELECOM** | § | **Chapter 7** |
| **SERVICES, LLC,** | § | |
| | § | **Case No. 24-33835-MVL** |
| | § | |
| Debtor. | § | |

## PROTECTIVE ORDER

WHEREAS on January 17, 2025, Chapter 7 Trustee Laurie Dahl Rea ("**Trustee**") filed the *Motion to Compel Turnover of Debtor's Books and Records* [ECF No. 127].

WHEREAS on February 20, 2025, the Court entered its *Order Granting Chapter 7 Trustee's Motion to Compel Turnover of Debtor's Books and Records* (ECF No. 148) (the "**Turnover Order**").

WHEREAS the Turnover Order applies to the turnover of books, records and communications of the Debtor, Genesis Networks Telecom Services, LLC ("**Debtor**") in the actual or *de facto* possession, custody or control of any entity or party, including but not limited to Endeavor Managed Services, Inc. ("**Endeavor**") and James E. Goodman ("**J.E. Goodman**").



1

WHEREAS the Turnover Order provides that turnover of books, records and communications of the Debtor from Endeavor shall be accomplished by the Trustee's employment of a third-party electronic discovery vendor which shall make a forensic copy of the Great Plains and Sharepoint sites or databases of Endeavor, as well as a forensic copy of the personal laptop computer of J.E. Goodman.

WHEREAS Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC ("**Symbiont/GIH**") and J.E. Goodman filed a motion to reconsider the portion of the Turnover Order that provides for a forensic copy to be made of, and documents copied from, the personal laptop of J.E. Goodman.

WHEREAS on March 28, 2025, the Court entered the *Agreed Order Regarding Motion to Reconsider Order Granting Chapter 7 Trustee's Motion to Compel Turnover of Books and Records* (ECF No. 156) (the "**Reconsideration Order**").

WHEREAS the Reconsideration Order modified the provisions of the Turnover Order related to <ins>the making of</ins> a forensic copy of J.E. Goodman's personal laptop computer.

WHEREAS information to be turned over pursuant to the Turnover Order includes information pertaining to both the Debtor and third-party non-debtors.

WHEREAS the Turnover Order prohibits the Trustee from disseminating information pertaining to solely third-party non-debtors to anyone, except as may be further ordered by the Court, and requires that the Trustee promptly return or destroy such information.

NOW THEREFORE ~~the parties agree, and~~ it is hereby Ordered as follows:

**Proceedings and Information Governed.**

1.  This Protective Order ("**Protective Order**") ~~is made between~~<ins>governs the conduct of</ins> the Trustee, Endeavor, Symbiont/GIH and J.E. Goodman, pursuant to the Turnover Order. FedEx Supply Chain Logistics & Electronics, Inc. ("**FedEx**") and Scott M. Seidel ("**Seidel**"), trustee of Goodman Networks, Inc., ~~agree to be~~<ins>are also</ins> bound by this Order ~~as evidenced by their signatures below~~.

2

2. The Protective Order governs all documents, information, or other things furnished to the Trustee pursuant to the Turnover Order including but not limited to (i) items copied from the servers, files and databases of Endeavor as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information; and (ii) items that may be furnished by J.E. Goodman or copied from the personal laptop of J.E. Goodman as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting or disclosing such information.

**Return or Destruction of Solely Non-Debtor Records**

3. An application to employ a third-party electronic discovery vendor to make a forensic copy of the Great Plains and SharePoint sites or databases in the actual or de ~~factor~~facto possession, custody or control of Endeavor shall be filed within thirty (30) days of retention of such professional. The application shall describe the method by which the Trustee will access the servers, files and databases of Endeavor, i.e. through download, copy, extraction or other means.

4. Any order restricting the access of J. E. Goodman and Symbiont/GIH to Endeavor's servers, files or databases shall be deemed terminated within two (2) business days after the Trustee provides notice that she has made a forensic copy of the Great Plains and SharePoint sites or databases (the "**Trustee's Notice**"). Further, any obligation of Endeavor to preserve or maintain or otherwise provide access to any servers, files, or databases including, without limitation the Great Plains or SharePoint sites or databases, shall cease thirty (30) business days after issuance of the Trustee's Notice. In the event that the Trustee's Notice is not provided within sixty (60) days of entry of this Order, J. E. Goodman, Symbiont/GIH or Endeavor may request a status hearing from this Court to request the Court to set a deadline to complete such forensic copies. Endeavor is not required to maintain or preserve or provide any access to any server, file or database in the actual or de facto possession, custody, or control of

Endeavor to J. E. Goodman, Symbiont/GIH, or any other party, person or entity after the earlier of (a) issuance of the Trustee's Notice or (b) such date as set by the Court.

5. To the extent that documents, information, or other things furnished to the Trustee pursuant to the Turnover Order (including items that are downloaded, copied or extracted from the servers, files and databases of Endeavor or that may be furnished by J.E. Goodman or copied from the personal laptop of J.E. Goodman), contain **solely** third party, non-debtor information, the Trustee shall, upon discovery of such solely third party, non-debtor information, promptly return or destroy such information and certify to the Court that she has done so. The certification shall include a statement that the Trustee has not disseminated any of these documents to any third-party including FedEx and Seidel. Contemporaneously with the filing of the certification, the Trustee shall produce (but not file) a log to J.E. Goodman and Symbiont/GIH describing the **solely** third party, non-debtor information that the Trustee returned or destroyed. The log and certification shall be updated on a rolling basis as additional documents are received and reviewed by the Trustee and determined to contain **solely** third party, non-debtor information.

6. In the event that the Trustee has not filed a final certification on or before February 19, 2026, that all documents and things determined to contain solely third party, non-debtor information obtained pursuant to the Turnover Order have been returned or destroyed, then J.E. Goodman and Symbiont/GIH may request a status hearing from this Court to set a deadline for such final certification.

**Designation and Maintenance of Confidential Information.**

7. For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of information pertaining to **both** the Debtor and third-party non-debtors. Confidential Information **does not** include information pertaining solely to the Debtor.[1]

---

[1] Notwithstanding anything else herein to the contrary, the Trustee's dissemination of information pertaining solely to the Debtor shall comply with all applicable statutes, rules and regulations, including but not limited to the standards set forth in 11 U.S.C. § 704(a)(7), the Handbook for Chapter 7 Trustees and the Trustee's fiduciary duties to creditors and the estate.

8.      Further, Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made (unless that party is already bound by agreement not to disclose such information); or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

9.      Confidential Information (comprised of information pertaining to **both** the Debtor and third-party non-debtors) which a party intends to use in this bankruptcy proceeding shall be designated as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION CONTAINING NON-DEBTOR INFORMATION SUBJECT TO PROTECTIVE ORDER**

**Inadvertent Failure to Designate.**

10.     The inadvertent failure to designate any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the parties from designating such information as confidential at a later date in writing and with particularity. The information must be treated as Confidential Information from the time a party is notified in writing of the change in the designation.

**Challenge to Designations.**

11.     The parties may challenge the designation or failure to designate as "Confidential Information" any document, information, or other thing furnished to the Trustee pursuant to the Turnover Order. Until any dispute under this paragraph is ruled upon by this Court, the Confidential Information designation will apply and remain in full force and effect and the information will be accorded the status and protection of Confidential Information required by this Protective Order until the Court makes a final determination as to such information.

**Disclosure and Use of Confidential Information.**

4913-0834-8487, v. 1

12. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of any litigation filed in this bankruptcy proceeding. Confidential Information may not be used under any circumstances for any other purpose.

13. Confidential Information may be disclosed by the Trustee only to the following individuals and entities, provided that such individuals and entities are informed of the terms of this Protective Order:

(a) employees of the Trustee who are required in good faith to provide assistance in the conduct of this proceeding;

(b) counsel for the Trustee;

(c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

(d) experts or consultants;

(e) any persons requested by the Trustee to furnish services such as document coding, image scanning, translation services, or the creation of any computer database from documents;

(f) FedEx and Seidel, only to the extent that the Trustee is required to turn over documents and information responsive to RFPs, as provided for in the Court's *Order Granting Rule 2004 Examination and Requests for Production of Documents as to the Debtor, James E. Goodman, and Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC* [ECF No. 151] (the "**Rule 2004 Examination Order**"); and

(g) to the extent that additional requests for 2004 examination(s) are filed in this bankruptcy proceeding, any entity that the Court orders the Trustee to turn over documents and information to responsive to related RFPs.

14. Provisions (f) and (g) of Paragraph 13 shall be strictly construed and the Trustee must first provide J.E. Goodman and Symbiont/GIH ~~five (5~~twenty-one (21) days to review any documents, information and things which she intends to turn over in response to a 2004 examination request or related

6

RFPs~~, unless such time frame is extended by agreement of the parties.~~. J.E. Goodman and Symbiont/GIH may for good cause request additional time beyond the ~~five (5~~twenty-one (21) days to review and object to the information. The Confidential Information designation will be applied to any item the Trustee claims she is required to turn over and the designation will remain in full force and effect, and the information will be accorded the status and protection of Confidential Information required by this Protective Order until the Court makes a final determination as to such item.

15. The Trustee is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.

**Filing Documents with the Court.**

16. If any party wishes to submit Confidential Information to the Court, the submission must be filed under seal. The word "*Sealed"* must appear in the title or caption of any document intended for filing under seal (and any proposed order a party believes should be filed under seal if entered by the judge).

17. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not (a) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (b) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (c) prejudice the rights of a party to apply to the Court for further protective orders; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Proceedings.**

18. Within sixty (60) calendar days after the conclusion of this bankruptcy case or litigation stemming from this bankruptcy case, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of

7

this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

19. Notwithstanding the foregoing paragraph, if there is a proceeding or litigation pending among the parties outside this bankruptcy proceeding, regardless of what type of proceeding or litigation, then all Confidential Information shall be preserved in accordance with the terms of the Protective Order.

**Other Proceedings.**

20. ~~20.~~ By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. ~~In the event that a person or party that is subject to this Protective Order is served with a subpoena, discovery request, or order by any person, corporation or other entity that is not a party or not otherwise governed by this Protective Order, that seeks to compel the production of Confidential Information, the party upon whom the subpoena, document request, or order is served shall give written notice within seven (7) days of receipt to the party that has asserted that the material is Confidential Information. If the party who designated the material as Confidential Information files a motion to quash the subpoena or for a protective order before the requested date of production, then the party upon whom the subpoena, document request, or order is served shall not produce the material requested in the subpoena until after the Court rules on the motion. If no such motion is filed, or if the Court denies such a motion, the party upon whom the subpoena, document request, or order is served may comply with the same without being deemed to have violated this Protective Order~~Any person or party subject to this Protective Order who may be subject to a motion to disclose information designated Confidential Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

21. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

22. Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

### END OF ORDER ###

4913-0834-8487, v. 1