**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| GENESIS NETWORKS TELECOM SERVICES, LLC, | § § § | Case No. 24-33835-MVL |
| | § | |
| Debtor. | § | |
| | § | |

**OBJECTION OF FEDEX SUPPLY CHAIN LOGISTICS &
ELECTRONICS, INC. TO MOTION TO ENTER
PROTECTIVE ORDER**

FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") by its undersigned counsel, respectfully submits this objection to the Motion to Enter Protective Order (Doc. No. 160) (the "Motion") of Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC ("Symbiont/GIH") and J.E. Goodman ("James Goodman" and, with Symbiont/GIH, collectively, the "Movants"). In support of its Objection, FSCLE would show to the Court as follows:

**PRELIMINARY STATEMENT**

This issue is before the Court because James Goodman chose to comingle information of the Debtor, multiple non-debtor companies, and his personal information, on computers and servers possessed and maintained by Endeavor Managed Services, Inc. ("Endeavor"). Because of this choice, Endeavor, Laurie Dahl Rea (the "Trustee"), Scott M. Seidel ("Seidel"), as trustee in the Goodman Networks, Inc. case, and creditors, like FSCLE, must now attempt to navigate discovery in this case and ensure that any protective orders entered in this case do not affect their rights to propound discovery and the obligations of other persons to respond to discovery requests in other cases. Of course, Movants want just that – the ability to stymie discovery in cases pending in other courts. This is apparent because Movants have intentionally expanded the coverage of

their proposed protective order (Exhibit A to the Motion) (the "Goodman Order[1]") to expressly bind FSCLE and Seidel even though neither is a party to the order. Further, the Goodman Order (i) seeks to limit the extent to which the Trustee may disseminate data (even in the face of subpoenas or orders from other courts); (ii) impacts FESCLE's ability to obtain data and discovery in other litigation not involving the Debtor; (iii) eliminates Endeavor's obligations to maintain and preserve data which could impact discovery in other litigation not involving the Debtor; and (iv) provides James Goodman with unfettered access to data without any safeguards to ensure the integrity of such data.

Moreover, the proposed protective orders and this Court's prior *Order Granting Chapter 7 Trustee's Motion to Compel Turnover of Debtor's Books and Records* (Doc. No. 148); *Order Granting Rule 2004 Examination and Requests for Production of Documents as to the Debtor, James E. Goodman, and Symbiont Ventures, LLC f/k/a Goodman Investments Holdings, LLC* (Doc. No. 151); and *Agreed Order Granting Rule 2004 Examination and Requests for Production of Documents from Endeavor Managed Services, Inc. as Modified Herein* (Doc. No. 77) (collectively, the "Prior Discovery Orders") were all entered when discovery was stayed in the *FedEx Supply Chain Logistics & Electronics, Inc. v. James E. Goodman, Jr., et al.*, being Civil Action No. 3:23-cv-02397 (the "RICO Action") action pending in the United States District Court for the Northern District of Texas (the "District Court").[2] The District Court's denial of the defendants' dispositive motions and the resumption of discovery in the RICO Action changes the dynamics of the

---

[1] Apparently, both the Trustee and Movants have been negotiating the terms of competing protective orders. FSCLE finds both to contain problematic provisions. Because the Motion was filed by James Goodman and Symbiont/GIH, FSCLE is addressing primarily the provisions of the Goodman Order which the Movants are requesting this Court to enter.

[2] On April 17, 2025, the District Court entered an order denying each defendants' motions to dismiss and discovery is now underway in the RICO Action. *See* Doc. No. 185, Case No. 3:23-cv-02397.

discovery issues in this case because the Prior Discovery Orders were crafted to address a perception that FESCLE would use discovery in this case as a substitute for discovery in the RICO Action, which was then stayed. Now that discovery is proceeding in the RICO Action, many, if not all of the protections in the Prior Discovery Orders are unnecessary or are unduly restrictive.

**ARGUMENT**

1. The Goodman Order purports to bind parties which are not parties to the order. Paragraph 1 of the proposed protective orders states "[t]his Protective Order ("Protective Order") governs the conduct of the Trustee, Endeavor, Symbiont/GIH and J.E. Goodman, pursuant to the Turnover Order. FedEx Supply Chain Logistics & Electronics, Inc. ("FedEx") and Scott M. Seidel ("Seidel"), trustee of Goodman Networks, Inc., are also bound by this Order." (Doc. No. 160-1 at pg. 2, ¶1). FESCLE is not a party to the Goodman Order and should not be bound by its terms to the extent that any such terms limit or condition the rights of FESCLE.

2. The Goodman Order purports to limit the extent to which the Trustee is required (or even permitted) to provide documents and information FESCLE and Seidel have or may request and purports to permit James Goodman a minimum of twenty-one (21) days to review any documents and information which the Trustee intends to turnover in response to a Rule 2004 examination or requests for production of documents directed to the Trustee by FSCLE. (Doc. No. 160-1 at ¶14). Indeed, the Goodman Order expressly provides that certain information "may be disclosed by the Trustee … to FedEx and Seidel, <u>only</u> to the extent that the Trustee is required to turn over documents and information responsive to RFP's, as provided for in the Court's *Order Granting Rule 2004 Examination and Requests for Production of Documents as to the Debtor, James E. Goodman, and Symbiont Ventures, LLC f/k/a Goodman Investment Holdings, LLC* [ECF No. 151] (the "Rule 2004 Examination Oder")" (Doc. No. 160-1 at ¶13(f)) (emphasis added).

3. FESCLE objects to the Goodman Order to the extent that Movants are attempting to limit FESCLE's rights to conduct discovery and to issue subpoenas in the RICO Action. Movants should not be permitted to use a protective order entered in this case to insulate information that would be discoverable in the RICO Action by creating limitations on access to and dissemination of information and providing James Goodman with the right to filter such information.

Paragraph 20 of both proposed orders does not adequately address third-parties' rights to discoverable information in other actions. The Trustee's Proposed Order would insert this Court as the arbiter of discovery disputes in other courts. For instance, the Trustee's language states "in the event that a person or party that is subject to this Protective Order is served with a subpoena, discovery request, or order by any person, corporation or other entity that is not a party or not otherwise governed by this Protective Order, that seeks to compel the production of Confidential Information, the party upon whom the subpoena, document request, or order is served shall give written notice within seven (7) days or receipt to the party that has asserted that the information is Confidential Information. If the party who designated the material as Confidential Information files a motion to quash the subpoena or for a protective order before the requested date for production, then the party upon whom the subpoena, document request, or order is served shall not produce the material requested in the subpoena until after the Court [presumably this Court] rules on the motion." (Doc. No. 160-2 at ¶20 (stricken redlined language). Arguably, this provision places this Court in the role of deciding whether information is properly subject to discovery in a case pending in some other court.

The language proposed in the Goodman Order does not specify which court would make a determination as to whether the information subpoenaed or requested is confidential. FESCLE

submits that any order which requires this Court to pass upon the question of the requirement of a party to respond to a subpoena or other discovery request issued out of another court in litigation unrelated to this bankruptcy case is problematic.

It takes little imagination to see what will transpire if the Goodman Order is entered. For example, it may become necessary for FESCLE (as it is entitled to do) to issue a subpoena through the RICO Action to the Trustee to produce records in her possession. Under the terms of the Goodman Order the Trustee is permitted to disclose information to FESCLE "only to the extent that the Trustee is required to turn over documents and information responsive to RFP's…." This makes it possible that Movants would seek to hold FESCLE and the Trustee in contempt if FESCLE served the Trustee with a subpoena and the Trustee responded. Similarly, if FESCLE subpoenaed Endeavor to produce the same information produced to the Trustee, then Endeavor is put in the impossible position of having to decide whether to comply with the provisions of the Protective Order entered by this Court or the subpoena from the District Court in the RICO Action. This Court should not enter any order which even arguably limits any parties' rights to conduct discovery in cases pending in other courts.

4. Both proposed orders purport to eliminate Endeavor's obligation to preserve, maintain or otherwise provide access to computers, servers, files, or databases, including, without limitation, the Great Plains and SharePoint sites or databases. While FESCLE understands Endeavor's desire to have a finite date after which it is no longer obligated to preserve or maintain records, to the extent that Endeavor has possession and/or actual or *de facto* control of such information and has been provided notice to maintain such information pending litigation, nothing

in any protective order in this case should eliminate Endeavor's preservation obligations in other cases.[3]

FESCLE suggests that language in substance similar to the following could clarify and address many of the problematic issues the proposed orders present:

> Notwithstanding any provision of this Order to the contrary, nothing contained herein shall be deemed to limit or prohibit Endeavor from (a) maintaining access to any computers, servers, files, or databases, including, without limitation, the Great Plains and SharePoint sites or databases; or (b) responding to subpoenas or other requests for documents or information issued by any person or entity in any litigation in any other court including, specifically but without limitation, by FESCLE in the RICO Action. Further, nothing in this Order shall be deemed to limit FESCLE's right to issue subpoenas or other discovery in the RICO Action to any person or entity, including, without limitation, the Trustee or Endeavor.

5.  Finally, the proposed orders both purport to lift the restriction on James Goodman's and Symbiont/GIH's access to the computers, servers, files, or databases, including, without limitation, the Great Plains and SharePoint sites or databases within (2) days after the Trustee has made a forensic copy of the Great Plans and SharePoint sites or databases. (Doc. No. 160-1 at ¶4 and Doc. No. 160-2 at ¶4). FESCLE submits that such restriction should remain in place until such time as FESCLE (or any other party entitled thereto) obtains its own copy of such data through available discovery processes. Failing to do so could result in the Trustee in this case being the only party to possess a true forensic copy of the data, thereby, potentially subjecting her to subpoenas or other discovery requests in other litigation if a dispute as to the accuracy and completeness of the data is raised.

## CONCLUSION

FESCLE submits that the proposed protective orders create more problems than they resolve. Fundamentally, and at a minimum, any protective order should expressly provide that the

---

[3] Counsel for FESCLE and Endeavor have discussed acceptable resolutions to these issues and they will continue their efforts to reach a consensual resolution prior to any hearing on the Motion.

integrity of all data possessed by Endeavor must be preserved for a reasonable period of time and that nothing contained in any protective order shall be deemed to limit or place additional burdens on any party entitled to conduct discovery in other cases.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/ R. Campbell Hillyer*
Adam M. Langley (admitted *pro hac vice*)
R. Campbell Hillyer (admitted *pro hac vice*)
James E. Bailey III (*pro hac vice* pending)
6075 Poplar Avenue, Suite 500
Memphis, TN  38119
Telephone: (901) 680-7326
adam.langley@butlersnow.com
cam.hillyer@butlersnow.com
jeb.bailey@butlersnow.com

*Counsel for FedEx Supply Chain Logistics & Electronics, Inc.*

## CERTIFICATE OF SERVICE

I, R. Campbell Hillyer, certify that the foregoing Objection was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically in this case via the Court's CM/ECF Noticing System

Dated: June 23, 2025

*/s/ R. Campbell Hillyer*
R. Campbell Hillyer

94148839.v1